Woodruff, J.
I concur in the conclusion at which the Chief Justice has arrived, hut upon the distinct ground that there is not evidence to warrant the conclusion of fact that the defendants ever knowingly accepted an assignment of the lease of the premises in question.
No man can be made assignee of a lease and subjected to liability upon its covenants, without his consent.
I am not prepared to say that one who voluntarily accepts an assignment of the property of a lessee is protected from liability because a trust is annexed to his title requiring him to apply that property to the benefit of the creditors of such lessee. In my opinion, the existence of such a trust, (though in some cases it may aid in determining whether he accepts the lease as part of the assigned property,) does not at all affect his liability, if upon the facts shown he would be liable were there no trust. The cases of executors and administrators and assignees in bankruptcy, who discharge duties imposed upon them by law as incident to their semi-official position, are, I admit, in some degree peculiar, the latter not being bound to enter upon the demised premises, and the former being at liberty to do so, and on applying rents collected to the rent reserved by the lessor, being entitled to protection against personal liability, (Toller on Executors, 280 ; 1 Salk., 297, 317 ; 1 Saund., 1, note 1 ; 2 Williams on Executors, 1078, 1079, and notes): or otherwise, if he occupy himself. (Wigley v. Ashton, 3 B. & A., 101.)
But the acceptance of an assignment made by a lessee for the benefit of creditors, is just as voluntary as if made for one’s own benefit, and there is no hardship in imposing upon each the same consequences ; nor, in my judgment, is there any rule of law which, as between the lessor and the voluntary assignee, makes the use or trust upon which he holds affect the legal rights of either. If, therefore, an assignee accepts an assignment purporting in terms to transfer a lease, so that he is fairly chargeable with notice of its provisions, and he accepts the assignment without excluding the lease, or if under a general assignment, he, *148 with knowledge of the terms of the lease, enters into possession with intent to occupy under the lease, in my opinion he becomes liable.
• I admit, that in either case he may protect himself; in the former, by refusing to accept the assignment of the lease; in the latter, by refusing to occupy under it, doing nothing more than remove the assigned goods from the premises.
Had it appeared in the case before us that the defendant, when he accepted the assignment and went into possession, was aware of the lease, and he did no affirmative act qualifying the possession he took, so that the inference of fact was just that he was in possession under the lease, and claiming to be rightfully in possession by virtue of the assignment thereof, I should be of opinion that he was liable to the landlord until he relieved himself by a further assignment, although his actual occupation was but for three days, and notwithstanding his title was qualified by a trust for the benefit of creditors. In my opinion this is in conformity with the well settled general rule, and none of the cases warrant the making of such a case an exception.
White, J., was of opinion that the defendant was entitled to judgment.
Judgment ordered for the defendant.